United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20999
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PEREZ-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-122-1
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Perez-Martinez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Perez-Martinez complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Perez-Martinez thus contends that his sentence should not exceed the maximum prescribed in 8 U.S.C. § 1326(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  <u>Id.</u> at 239-47. Perez-Martinez acknowledges that his argument is foreclosed by <u>Almendarez-Torres</u>, but asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.